1   PHILLIP A. TALBERT
    United States Attorney
2   LAUREL J. MONTOYA
    Assistant United States Attorney
3   Robert E. Coyle Federal Courthouse
    2500 Tulare Street
4   Fresno, CA 93721

5   (559) 497-4000

6   Attorneys for Plaintiff
    United States of America
7

8                      IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:17-CR-00240-DAD-BAM
                                                     1:22-MJ-00062-EPG
12                     Plaintiff,
                                           STIPULATION REGARDING EXCLUDABLE
13            v.                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                           ORDER
14  RAY WILLIAM URIBE,
                                           DATE: May 2, 2022
15                     Defendant.          TIME: 2 p.m.
                                           COURT: Hon. Sheila K. Oberto
16

17         On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

18  Eastern District of California until further notice.  This General Order was entered to address public

19  health concerns related to COVID-19.  Further, pursuant to General Order 614, 620, 624, 628, and 630

20  and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the

21  Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency,

22  this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

23         Although the General Order addresses the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27  ───────────────
28       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, case no. 17-cr-240, a petition alleging a violation of supervised release, was set for preliminary hearing and status on May 2, 2022 at 2 p.m. on the duty calendar.

2.      The government has filed a complaint alleging new charges in case no. 22-mj-62. Defendant has not had his initial appearance in that mater.

3.      By this stipulation, defendant now moves to continue the preliminary hearing and status conference until May 10, 2022, and to exclude time between May 2, 2022, and May 10, 2022, under Local Code T4.  The parties also agree that the initial appearance in case 22-mj-62 can be set for initial appearance on May 10, 2022, at 2 p.m.

4.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for defendant needs additional time to determine if a preliminary hearing should be held in 17-cr-240.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

b)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

c)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

d)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 2, 2022 to May 10, 2022,

1   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

2   because it results from a continuance granted by the Court at defendant's request on the basis of

3   the Court's finding that the ends of justice served by taking such action outweigh the best interest

4   of the public and the defendant in a speedy trial.

5       5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

6   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

7   must commence.

8       IT IS SO STIPULATED.

Dated:  April 28, 2022                          PHILLIP A. TALBERT
                                            United States Attorney

                                            /s/ LAUREL J. MONTOYA
                                          LAUREL J. MONTOYA
                                          Assistant United States Attorney

Dated:  April 28, 2022                          /s/ ERIC V. KERSTEN
                                            ERIC V. KERSTEN
                                          Counsel for Defendant
                                          RAY WILLIAM URIBE,

**ORDER**

    IT IS SO ORDERED.

DATED: 4/28/2022                            */s/ Sheila K. Oberto*
                                          THE HONORABLE SHEILA K. OBERTO
                                          UNITED STATES MAGISTRATE JUDGE